UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BENSIN MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>PRISON HEALTH SERVICES, *et al.*,<br><br>    Defendants. | 3:12-cv-00147-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**<br><br>October 21, 2013 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for voluntary dismissal without prejudice (#26), which defendant opposes (#27).[1] Also before the court is defendant's motion for summary judgment (#21). The court has thoroughly reviewed the record and recommends that plaintiff's motion for voluntary dismissal without prejudice (#26) be granted and defendant's motion for summary judgment (#21) be denied without prejudice as moot.

## I.  HISTORY & PROCEDURAL BACKGROUND

Plaintiff Benjamin Morales ("plaintiff") brought this action as a *pro se* inmate, when he was incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#6). Plaintiff brings his amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth and Fourteenth Amendment rights. *Id.* The court screened the amended complaint pursuant to 28 U.S.C. § 1915A, and permitted

---

[1] Refers to the court's docket numbers.

-1-

plaintiff's claim that defendant NNCC's Dr. Mar ("defendant") was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights to proceed (#7, p. 4).[2]

Plaintiff alleges the following: on June 1, 2011 he fell in the shower and injured his ankle and back (#6, p. 4). Dr. Mar was aware of plaintiff's serious medical needs but denied him proper medical care maliciously and sadistically for the sole purpose of causing plaintiff harm. *Id*. Plaintiff now has a serious back problem and spends most of his time in a wheelchair. *Id*.

In his motion for summary judgment, defendant alleges the following: plaintiff has used a wheelchair, walker or crutches since he contracted polio about twenty years ago, which left him with a "withered left lower extremity" (#21, p. 4). An Unusual Occurrence Report dated June 1, 2011 states that plaintiff reported he slipped and fell while attempting to return to his wheelchair after showering. NNCC medical staff examined him that day and diagnosed him with an apparent soft tissue injury. Plaintiff was told to rest and elevate his leg. Plaintiff submitted a medical kite and was seen again the next day and also on June 5. Medical staff noted that while plaintiff complained of pain, there was no redness, swelling, or broken skin. He was given pain medications, an Ace wrap, and told to follow-up with a physician. *Id*.

Defendant first examined plaintiff on June 5, 2011. *Id*. Defendant admitted plaintiff to the infirmary for pain control, ordered x-rays of his left foot and ankle, right foot and lumbar spine, and prescribed pain medications. On June 24, defendant saw plaintiff again; the x-rays had not been taken so defendant re-ordered them. He prescribed more pain medication and referred plaintiff to NNCC's orthopedic clinic for evaluation. The x-rays revealed no acute fracture, and an orthopedist examined him and concluded that simply monitoring his condition was appropriate. Subsequently, plaintiff's medical visits from July through November 2011 primarily were for other complaints and

---

[2] The court dismissed count II, a retaliation claim (#7, p. 5).

from November 10, 2011 through May 2, 2012 there are no other notations in plaintiff's medical records regarding any reported pain from the shower fall in June 2011. *Id*. at 5.

Defendant attached the declaration of Dr. Mar, signed under penalty of perjury, as well as what appears to be all of plaintiff's relevant NDOC medical records, authenticated by NNCC's Health Information Coordinator Ronnalee Knight (#22, Ex. B). Defendant argues that he is entitled to summary judgment because the medical records demonstrate that he was not deliberately indifferent to any serious medical need of plaintiff (#21, pp. 10-11).

Plaintiff did not file an opposition to the motion for summary judgment. Instead, plaintiff filed a motion to voluntarily dismiss this action without prejudice (#26). Plaintiff argues that (1) he is currently incarcerated at the Clark County Detention Center without adequate law library access; (2) he has no contact with his "pro-se litigator" who assisted him at NNCC; and (3) he needs time to "seek new legal counsel" (#26).

On November 14, 2012, plaintiff filed a notice of change of address, which reflected that he was released from NDOC custody on or about November 16, 2012 (#13). Defendant served his motion for summary judgment and all exhibit medical records on plaintiff at this new address (*see* #s 21, 22). Plaintiff then explained in his July 3, 2013 motion to dismiss without prejudice that he is now incarcerated at the Clark County Detention Center (#26).

Defendant opposes the motion, arguing that plaintiff is merely seeking to delay the inevitable grant of summary judgment against him, and that such delay will cost defendant and the court further time and needless expenditure (#27, p. 4). He contends that he will suffer prejudice by having to live under the specter of litigation and the inconvenience of having to face another lawsuit by plaintiff on the same claim. *Id*.

## II. DISCUSSION & ANALYSIS

As a preliminary matter, the court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, . . . [such] dismissal is without prejudice." A decision to grant voluntary dismissal under Rule 41(a)(2) is reviewed for abuse of discretion. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). The court must consider whether the defendant will suffer plain legal prejudice as a result of dismissal. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton*, 679 F.2d at 145. "The inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice." *Id*.

Plaintiff states that he seeks to voluntarily dismiss his case in part in order to "seek new legal counsel." He does not indicate that he would seek appointed counsel, and he is reminded that a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).[3] Neither does plaintiff necessarily have a right to the assistance of an inmate law clerk. *See*, *e.g.*, *Bounds v. Smith*, 430 U.S. 817, 830 (1977); *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 855 (9th Cir. 1985).

---

[3] In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

However, while defendant served the motion for summary judgment and the relevant medical records on plaintiff, now that plaintiff has been incarcerated again it is not clear that he has access to the motion or his medical records. In fact, the court may take judicial notice of NDOC and county policies that generally do not allow inmates to have their medical records in their possession. Thus, plaintiff currently may not be able to fully respond to the summary judgment motion. Defendant argues that he will suffer prejudice in the form of inconvenience and uncertainty if plaintiff is permitted to dismiss this action without prejudice and later files another action. However, the Ninth Circuit has specifically held that the inconvenience of facing another lawsuit does not constitute prejudice. *Hyde & Drath*, 24 F.3d at 1169; *Hamilton*, 679 F.2d at 145. Moreover, it does not appear that anything would prevent defendant from re-filing his already-completed summary judgment motion in any such new action, especially as this action involves alleged incidents in the past, not on-going allegations. Accordingly, the court concludes that plaintiff's motion to voluntarily dismiss this action without prejudice should be granted and defendant's motion for summary judgment should be denied as moot. Plaintiff is cautioned that he remains at all times responsible for calculating the running of the applicable limitation period as applied to his case and for properly and timely commencing any future action.

### III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court concludes that plaintiff's motion to voluntarily dismiss this action without prejudice (#26) should be granted and that defendant's motion for summary judgment (#21) should be denied without prejudice as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen

days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to voluntarily dismiss this action without prejudice (#26) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that defendant's motion for leave to file Exhibits A and B under seal in support of motion for summary judgment (#20) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that defendant's motion for summary judgment (#21) be **DENIED** without prejudice as moot.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly and close this case.

**DATED:** October 21, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**